## CLELAND v NOECKER et

Ohio Appeals, 3rd Dist, Crawford Co

No 1373.   Decided Nov 6, 1935

B. J. Cattey, Crestline, and O. W. Kennedy, Bucyrus, for plaintiffs in error.

J. D. Sears, Bucyrus, and E. J. Myers, Bucyrus, for defendants in error.

**OPINION**

By KLINGER, PJ.

In his petition in error plaintiff in error sets up all the various grounds of error commonly recognized in proceedings in error. The main ground relied upon, however, is that the evidence does not warrant a finding that there was a contract obligating the plaintiff in error, and that the husband is not as a matter of law liable for installing a furnace in the home owned by the wife, and occupied by the family.

There is no dispute that the plaintiff did install the furnace and there is no dispute about the price; there is also no dispute as to the ownership of the house and farm being in Bertha Cleland the wife of Charles Cleland.

The plaintiff in error claims that at most, his connection with the purchase and installation of the furnace was that of agent for Bertha Cleland, and under §8318, GC, Charles Cleland claims that Bertha Cleland the wife, only would have to pay.

In the opinion of this court under the section of the statute referred to, Charles Cleland could have acted as the agent of Bertha Cleland. However, in the suit instituted by George L. Noecker he averred that he sold the furnace to Bertha Cleland and Charles Cleland, and the case was submitted to the jury on this issue. At least two witnesses testified that there was a contract. The jury found on the evidence, that the furnace was sold and delivered to Charles Cleland and Bertha Cleland. Both were charged and both were liable.

Notwithstanding the right to act as agent, under the section heretofore referred to a husband also has the right to obligate himself to pay for any furniture or installation that is made in his home whether the title to the real estate be in his wife or a stranger, if he so desires.

Under the plaintiff's petition the question as to the legal duties of Charles Cleland as the head of the family, are not germain. The plaintiff did not sue on that ground but on the ground of a contract that he had with Mr. and Mrs. Cleland.

The fact is emphasized in the brief of plaintiff in error that Mr. Cleland had a good home in New Washington but that Mrs. Cleland saw fit to leave this and take the family to the country. This is another issue that is not germain in this case, since the plaintiff has sued on a contract and the case was submitted to the jury and the burden of proof was placed on the plaintiff to establish his contract, and according to the verdict the plaintiff did establish his contract with both Charles Cleland and Bertha Cleland.

The question as to whether or not the wife abandoned the husband is not involved or material, but for the sake of the argu-

ment even if that were true he would not be relieved of any contracts made with third parties.

We concede that plaintiff in error might have avoided liability if he had not made the contract that the plaintiff relies upon in his suit for recovery, for one or more of the reasons set up in the brief of plaintiff in error, but as a reviewing court we would not feel warranted in disturbing the finding of the jury and the judgment of the trial court who saw and heard the witnesses testify and who was in a better position to weigh the evidence than a reviewing court.

The finding and judgment of the Court of Common Pleas will be affirmed.

GUERNSEY, J, concurs.
CROW, J, concurs in the judgment.